SIXTH DIVISION 

December 23, 2003

No. 1-02-2631

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee, 

v.

VAN PALEOLOGOS,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Stuart E. Palmer,

Judge Presiding.

PRESIDING JUSTICE O’MARA FROSSARD delivered the opinion of the court:

Following a bench trial in case number 96 CR 12932, defendant Van Paleologos was convicted of aggravated criminal sexual assault, home invasion, armed robbery, and armed violence.  He was sentenced to 25 years in prison for aggravated criminal sexual assault and a consecutive 25-year term of imprisonment for the other three convictions.  Defendant subsequently pleaded guilty to home invasion and attempted aggravated criminal sexual assault in case number 96 CR 12931 and was sentenced to concurrent terms of 25 and 15 years in prison, respectively, to be served concurrently with the sentence imposed in case number 96 CR 12932.  On appeal we affirmed in an order pursuant to Supreme Court Rule 23. 
 People v. Paleologos,
 No. 1-98-1832, 1-99-1143 cons. (June 11, 2001) (unpublished order pursuant to Supreme Court Rule 23).

Defendant by retained counsel filed a petition for post-conviction relief.  Judge Palmer denied defendant’s request that he recuse himself, and Judge McSweeney-Moore denied his motion for substitution of judge for cause on the petition.  Judge Palmer dismissed the petition for being untimely.  The facts of the case will only be discussed as relevant to the issues on appeal.

In his post-conviction petition, defendant alleged ineffective assistance of trial and appellate counsel regarding the following issues: (1) he was denied effective assistance of trial counsel because his lawyer failed to correctly advise him as to the maximum sentence he could serve, which resulted in his rejection of the plea offer and imposition of a higher sentence after he proceeded to trial; (2) the aggregate sentence of 50 years in prison violated both federal and state constitutional provisions; and (3) he was denied effective assistance of appellate counsel because his lawyer did not challenge the ineffective assistance of trial counsel in the context of the incorrect information offered by trial counsel during the plea negotiation stage of the proceedings.  He also alleged that his failure to file his petition within three years from the date of his conviction was not due to his culpable negligence.  At this stage, summary dismissal is reviewed
 de novo
.
  People v. Coleman
, 183 Ill. 2d 366 (1998).

I. POST-CONVICTION HEARING ACT

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 
et seq
. (West 2000)) provides a mechanism by which criminal defendants can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution and the Illinois Constitution.  
People v. Mahaffey
, 194 Ill. 2d 154, 170 (2001).  A post-conviction petition is a collateral attack on a prior conviction.  
Mahaffey
, 194 Ill. 2d at 170.  

In a noncapital case, the Act creates a three-stage procedure for post-conviction relief.  
People v. Boclair
, 202 Ill. 2d 89, 99 (2002).  At stage one, the trial court, without input from the State, examines the petition to determine whether it is frivolous or patently without merit.  725 ILCS 5/122-2.1 (West 2000).  If the petition is not dismissed at stage one, it proceeds to stage two, where section 122-4 of the Act (725 ILCS 5/122-4 (West 2000)) provides for the appointment of counsel for an indigent defendant.  At stage two the State has the opportunity to either answer or move to dismiss the petition 
(725 ILCS 5/122-5 (West 2000)) and the trial court determines whether the petition makes a substantial showing of a constitutional deprivation.  
Coleman
, 183 Ill. 2d at 381.  If the petition is not dismissed at stage two, it proceeds to stage three, where the trial court conducts an evidentiary hearing.  725 ILCS 5/122-6 (West 2000).
  The instant case presents a 
petition dismissed at the first stage of the post-conviction process.  As previously noted, at the first stage, the circuit court determines whether the petition is frivolous or patently without merit.  725 ILCS 5/122-2.1(a)(2) (West 2000).

The defendant’s allegations involve claims of ineffective assistance of trial and appellate counsel.  Such claims are resolved by application of the 
Strickland
 standard.  
Strickland v. Washington
, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  Claims of ineffective assistance of appellate counsel are measured against the same standard as claims of ineffective assistance of trial counsel.  
People v. Caballero
, 126 Ill. 2d 248, 269-70 (1989).  A defendant must demonstrate both a deficiency in counsel’s performance and prejudice resulting from the deficiency.  
People v. Edwards
, 195 Ill. 2d 142, 162 (2001), citing 
Strickland,
 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.  To demonstrate performance deficiency, a defendant must establish that counsel’s performance fell below an objective standard of reasonableness.  
Edwards
,
 
195 Ill. 2d at 162.  Prejudice is demonstrated if there is a reasonable probability that, but for counsel’s deficient performance, the result of the proceeding would have been different.  
Strickland, 
466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.  A defendant who claims that appellate counsel was ineffective for failing to raise an issue on appeal must allege facts demonstrating such failure was objectively unreasonable and that counsel’s decision prejudiced defendant.  
People v. Enis
, 194 Ill. 2d 361, 377 (2000).  If the underlying issue is meritorious, the defendant has suffered prejudice.  
Enis
, 194 Ill. 2d at 377.

Based on the first-stage procedural posture of the instant case, the relevant question is first, whether the petition alleges a constitutional deprivation, and, second, whether the petition was substantively rebutted by the record, rendering it frivolous or patently without merit. 725 ILCS 5/122-2.1(West 2000);
 Coleman
, 183 Ill. 2d at 382.  We note, in the instant case, Judge Palmer did not address the merits of the petition, but dismissed the petition for being untimely.

II. PETITION ALLEGES CONSTITUTIONAL DEPRIVATION UNREBUTTED 

BY RECORD RENDERING PETITION NEITHER FRIVOLOUS 

NOR PATENTLY WITHOUT MERIT    

Recognizing that 
People v. Boclair, 
202 Ill. 2d 89 (2002), precludes first-stage dismissal based on lack of timeliness, the State argues that first-stage dismissal of the petition should be affirmed: “Therefore, even if Judge Palmer erred in relying on the petition’s lack of timeliness as the reason for dismissing it summarily, the petition was also frivolous and patently without merit.”  In
 Boclair
, our supreme court resolved the issue of whether the circuit court can consider the timeliness of a petition at the first stage of the post-conviction process.  Section 122-1 of the Act provides time limits for filing a post-conviction petition.  See 725 ILCS 5/122-1 (West 2000)
. 
 Boclair
 held that the time limit is not jurisdictional but, rather, akin to a statute of limitations. 
 Boclair
, 202 Ill. 2d at 98.  The supreme court in
 Boclair
 held that the time limitations under the Act should be considered an affirmative defense that can be raised, waived, or forfeited by the State. 
 Boclair,
 202 Ill. 2d at 101. 
 Boclair 
 concluded that the issue of timeliness should be left for the State to assert during the second stage of the post-conviction proceedings.  
Boclair,
 202 Ill. 2d at 101-02.  Thus, in the instant case, we conclude that the trial court erred when it dismissed defendant’s petition for being untimely.

However, consistent with the terms of the Act and the purpose of the first stage, we address whether the petition alleges a constitutional deprivation unrebutted by the record, rendering the petition neither frivolous nor patently without merit.  725 ILCS 5/122-2.1 (West 2000).  Defendant alleges he was denied his right to effective assistance of trial counsel because during plea negotiations his attorney told him that the maximum sentence he could serve was 30 years.  The maximum sentence actually was 60 years because of the mandatory consecutive sentencing provisions applicable in the instant case.  In accordance with section 5-8-4(a)(ii) of the Unified Code of Corrections (730 ILCS 5/5-8-4(a)(ii) (West 2000)), a 
consecutive
 sentence for aggravated sexual assault is mandatory in the context of the instant case, where defendant was convicted of aggravated criminal sexual assault, home invasion, armed robbery, and armed violence.  730 ILCS 5/5-8-4(a)(ii) (West 2000).

Defendant’s unrebutted affidavit states that trial counsel told him that the maximum to which he could be sentenced was 30 years in prison.  The record reflects trial counsel’s statement at the sentencing hearing that “The [S]tate is asking based on the same occurrence for all these Class X’s of which they charge, the same occurrence they are asking for consecutive sentences which we maintain is improper.”  However, that assertion made by trial counsel is in conflict with the applicable law contained in the subsection (ii) sentencing provision of section 5-8-4(a) regarding mandatory consecutive sentencing for aggravated sexual assault. Additionally, we note that the docketing statement filed by trial counsel contends that the “offenses were all allegedly committed during one transaction and it was error to sentence defendant to a consecutive sentence.”  That statement  is also in direct conflict with section 5-8-4(a)(ii).

Defendant claims that he relied on the alleged  incorrect information provided by trial counsel and rejected an offer to plead guilty in exchange for 22 years in prison because he thought the maximum sentence he could serve was 30 years.  Defendant alleged that since he thought he faced a maximum sentence of 30 years, which was only 8 years more than he was offered in return for a guilty plea, he decided to go to trial.  He indicated that he would have accepted the plea offer had he known that he could be sentenced consecutively to a maximum of 60 years.

In the context of the ineffective assistance claim regarding trial counsel, the issue to be determined is whether the petition alleges a constitutional deprivation unrebutted by the record rendering the petition neither frivolous nor patently without merit. 
 Coleman
, 183 Ill. 2d at 382.  Regarding ineffective assistance of counsel, a defendant must demonstrate both a deficiency in counsel’s performance and prejudice resulting from the deficiency. 
 Edwards
, 195 Ill. 2d at 162, citing 
Strickland
, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104. S. Ct. at 2064.
  To demonstrate performance deficiency, a defendant must establish that counsel’s performance was below an objective standard of reasonableness. 
 Edwards
, 195 Ill. 2d at 162.  Prejudice is demonstrated if there is a reasonable probability that, but for counsel’s deficient performance, the result of the proceeding would have been different. 
 Strickland,
 466 U.S. at 694, 80 L. Ed. 2d at 698, 104. S. Ct. at 2068.

In determining whether, having received a plea offer, defense counsel’s deficient performance deprived defendant of his right to be reasonably informed as to the direct consequences of accepting or rejecting that offer, a defendant must demonstrate that there is a reasonable probability that, absent his attorney’s deficient advice, he would have accepted the plea offer. 
 People v. Curry
, 178 Ill. 2d 509, 517-18 (1997).  In the instant case, we note the petition alleged that defendant would have accepted the 22-year plea offer rather than proceed to trial had he known he could have been sentenced consecutively to a maximum of 60 years.  That allegation is not rebutted by the record.  As previously discussed, the alleged incorrect advice provided by trial counsel is likewise not rebutted by the record.

We note a similar issue was addressed in
 People v. Rogers
, 197 Ill. 2d 216 (2001).  However, unlike the instant case, the record in
 Rogers
 substantively rebutted defendant’s claim that he was never correctly advised of the possible length of his sentence. 
 Rogers
, 197 Ill. 2d at 222.  Based on the record,
 Rogers
 found that the trial court correctly dismissed the claim. 
 Rogers
, 197 Ill. 2d at 222.  Unlike 
Rogers
, based on our review of the record, we find defendant has alleged a constitutional deprivation unrebutted by the record at this first stage of the post-conviction process.

In the instant case, the entire petition should be docketed for second-stage review.  In accord with
 People v. Rivera
, 198 Ill. 2d 364, 370-71 (2001), the Act does not provide for partial dismissal. 
 
If any one allegation states the gist of a constitutional deprivation, the entire petition should be docketed for second-stage review pursuant to sections 122-4 through 122-6 of the Act.
 Rivera
,
 
198 Ill. 2d at 370-71.  Section 122-5 provides that if a petition survives first-stage dismissal, then “the State shall answer or move to dismiss.  In the event that a motion to dismiss is filed and denied, the State must file an answer within 20 days after such denial.”  725 ILCS 5/122-5 (West 2000).  A motion to dismiss assumes the truth of the allegations to which it is directed and questions only their legal sufficiency. 
 People v. Ward
, 187 Ill. 2d 249, 255 (1999).  On remand, the entire petition shall be considered in accordance with sections 122-4 through 122-6 of the Act.
  725 ILCS 5/122-4 through 122-6 (West 2000)
.  The relevant question at the second stage is whether the allegations of the petition supported by the record and accompanying documents demonstrate a substantial showing of a constitutional violation. 
 People v. Edwards
, 197 Ill. 2d 239, 245-46 (2001).

III. CULPABLE NEGLIGENCE

As previously noted, the untimeliness of a post-conviction petition cannot provide the basis for first-stage dismissal.  
People v. Boclair,
 202 Ill. 2d 89 (2002).  In the instant case, the circuit court dismissed the petition based on untimeliness at the first stage of the post-conviction process.  However, the circuit court did not have the benefit of the
 Boclair
 ruling.  The dismissal in the instant case occurred approximately two weeks before the ruling in
 Boclair
.

We are mindful that the issue of timeliness is properly raised by the State at the second stage in a motion to dismiss. 
 Boclair,
 202 Ill. 2d at 99.  For the reasons previously discussed, we have vacated the circuit court’s dismissal of this first-stage petition and remanded for second-stage review.  However,  the circuit court, State, and defense have all addressed the issue of timeliness in the context of defendant’s demonstration of his lack of culpable negligence.  In the interest of judicial economy, we will resolve that issue to preclude time and resources being wasted at the second stage revisiting the issue of timeliness in the context of the culpable negligence factor.

The time limitations for filing a post-conviction petition are set forth in section 122-1(c) of the Act.  725 ILCS 5/122-1(c) (West 2000).  Section 122-1(c) provides:

“(c) No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant’s brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.” 

When the petition in the instant case was filed, in accordance with the statute, the petition was required to be  filed by the earliest date among the following: (1) within six months after denial of a petition for leave to appeal, or the last date allowed for such a filing if none was filed; or (2) within 45 days of the filing of petitioner’s brief in the supreme court, or the last date for filing a brief, if none was filed; or (3) within three years of the date of petitioner’s conviction.  725 ILCS 5/122-1(c) (West 2000).  In
 People v. Woods
, 193 Ill. 2d 483, 488 (2000), the Illinois Supreme Court held that, as used in the Post-Conviction Hearing Act, the word “conviction” is a term of art which means a final judgment that includes both a conviction and a sentence.

The applicable date by which the post-conviction petition was required to be filed in the instant case was the earlier of April 7, 2001 (three years after defendant was sentenced), or June 5, 2002 (six months after denial of the petition for leave to appeal).  725 ILCS 5/122-1(c) (West 2000).  According to the terms of the Act, the operative date for purposes of filing the post-conviction petition was April 7, 2001.  In the instant case, the petition was filed on May 29, 2002, which was beyond three years of the date of defendant’s conviction and sentence, but within six months of the denial of the petition for leave to appeal.

An untimely petition is not subject to dismissal if defendant’s delay in filing the petition was not the result of defendant’s culpable negligence.  725 ILCS 5/122-1(c) (West 2000).  As noted by the Illinois Supreme Court in
 Boclair
, the “culpably  negligent” standard contained in section 122-1(c) of the Act “contemplates something greater than ordinary negligence and is akin to recklessness.”
  Boclair
, 202 Ill. 2d at 108.  This definition is consistent with the long-held view that the Act must be “liberally construed to afford a convicted person an opportunity to present questions of deprivation of constitutional rights.” 
 People v. Correa,
 108 Ill. 2d 541, 546 (1985).

We must apply that definition to the facts in the instant case and determine whether defendant has demonstrated that the delay in filing his post-conviction petition was not the result of his culpable negligence.  We review the pertinent facts regarding the question of culpable negligence.  Following a bench trial in the instant case, criminal case number 96 CR 12932, defendant was convicted of aggravated criminal sexual assault, home invasion, armed robbery, and armed violence.  On April 7, 1998, the judge imposed a 25-year term in prison for aggravated criminal sexual assault and a consecutive 25-year term in prison for the other three convictions: home invasion, armed robbery, and armed violence.  On May 1, 1998, defendant’s motion to reconsider sentence was denied.  Defendant’s attorney filed a notice of appeal on May 13, 1998, for case number 96 CR 12932.

On June 30, 1998, defendant entered a plea of guilty to the charges of home invasion and attempted aggravated criminal sexual assault in case number 96 CR 12931 and was sentenced to 25 and 15 years in prison, respectively, to be served concurrently with the sentence imposed in the instant case, number 96 CR 12932.  After the plea of guilty, defendant retained new counsel.  On February 9, 1999, defendant’s new attorney filed an amended motion to vacate or modify the plea in case number 96 CR 12931.  That motion was denied on March 25, 1999.  A notice of appeal was filed in case number 96 CR 12931 on April 5, 1999.  We consolidated the appeals of cases 96 CR 12931 and 96 CR 12932 on April 21, 1999.

The record on appeal was ordered, but not filed until January 19, 2000.  As previously noted, although we consolidated both cases for appeal on April 21, 1999, the record was not filed until nine months later on January 19, 2000.  On April 15, 2000, defendant’s brief was filed, which was within three months of the record being filed.  Defendant’s two consolidated appeals raised nine issues.  Nine months after defendant filed his brief, the State filed its brief.  Within six months, on June 11, 2001, we resolved the two consolidated appeals and affirmed defendant’s conviction and sentence.   Defendant filed a petition for leave to appeal in the Illinois Supreme Court which was denied on December 5, 2001.  Post-conviction counsel was retained in March 2002 and counsel filed the post-conviction petition on May 29, 2002, within less than six months of defendant’s petition for leave to appeal in the supreme court being denied.

Regarding the definition of culpable negligence as articulated in
 Boclair
, 202 Ill. 2d at 106-08, we note that
 Boclair 
 found the “culpably negligent” standard “contemplated something greater than ordinary negligence and is akin to recklessness.”
  Boclair
, 202 Ill. 2d at 108.  We apply that definition to the facts of the instant case.

In concluding that defendant failed to provide any reason that justified his delay in filing the post-conviction petition, the circuit court indicated, “It is well settled that a petitioner may not wait until after his direct appeal is resolved to file his post-conviction petition if the time taken to resolve the appeal extends beyond three years from the date of judgment.”  In support of that statement the circuit court relied on
 People v. Langston
, 342 Ill. App. 3d 1100 (2001) (citing
 People v. Rissley,
 No. 82536 (March 15, 2001)), and
 People v. Hager
, 314 Ill. App. 3d 951, 954 (2000).   

Since the ruling by the circuit court in the instant case, the Illinois Supreme Court granted defendant’s rehearing in 
Rissley
 and issued the most recent opinion on June 19, 2003,
 People v. Rissley,
 206 Ill. 2d 403 (2003).  Since the time of the circuit court ruling in the instant case, the Illinois Supreme Court reversed the appellate court opinion in
 Hager
 (
People v. Hager
, 202 Ill. 2d 143 (2002)), and the appellate court opinion was withdrawn February 28, 2003. 
 
See 
People v. Hager
, No. 2-99-0223 (February 28, 2003) (unpublished order pursuant to Supreme Court Rule 23). 

Regarding the issue of culpable negligence, we note the Illinois Supreme Court in
 Rissley
 most recently indicated that, “Although we adhere to our original construction of the statute, and find that defendant’s petition was untimely filed, we agree with defendant that our original opinion failed to provide a workable definition of the term ‘culpable negligence’ so as to provide the necessary guidance to our lower courts.”  
 Rissley
, 206 Ill. 2d at 409.  
Rissley
 went on to provide an extensive discussion of the meaning of the term “culpable negligence.” 
 Rissley
, 206 Ill. 2d at 418-21.  We note it was the original opinions in
 Rissley
 and
 Hager
 that the circuit court relied on in resolving the issue of culpable negligence as it related to
 
timeliness in the instant case.  The circuit court did not have the benefit of the
 Rissley
 opinion, issued on June 19, 2003, which fully analyzed the culpable negligence factor in the context of timeliness, taking into consideration
 Boclair
’s discussion of the meaning of the term “culpable negligence.” 
 Rissley
, 206 Ill. 2d at 418-21, citing
 Boclair
, 202 Ill. 2d at 106-08.

In
 Rissley
, the Illinois Supreme Court found the petition was untimely and therefore focused on whether the defendant demonstrated a lack of culpable negligence so as to avoid dismissal based on untimeliness. 
 Rissley
, 206 Ill. 2d at 418.  The court noted that resolution of that issue depended upon the meaning of the term “culpable negligence” and extensively discussed that term, including 
 Boclair
’s finding that “ ‘ “culpably negligent” *** contemplates something greater than ordinary negligence and is akin to recklessness.’ ” 
 Rissley
, 206 Ill. 2d at 420, quoting
 Boclair
, 202 Ill. 2d at 108.  
Rissley
 concluded:

“We continue to adhere to the definition enunciated in
 Boclair
.
  
 This definition more than adequately ensures that the portion of the statute permitting a petitioner to file an untimely petition so long as she ‘alleges facts showing that the delay was not due to his culpable negligence’ [citation] does not stand as empty rhetoric.  Rather, the definition gives heft to the exception contained in section 122-1, an exception which this court has historically viewed as the ‘special “safety valve” ’ in the Act. [Citations.]”  
Rissley
, 206 Ill. 2d at 420.
 
 

We are mindful of the fact as recognized by
 Rissley
 that “post-conviction petitions must sometimes be filed before the termination of proceedings on direct appeal.”
  Rissley
, 206 Ill. 2d at 415.  This is not such a case.  The instant case presented a complex consolidated appeal raising nine issues.  The various amounts of time taken by the clerk of the circuit court, the State, the defense, and this court in resolving the instant appeal have been previously detailed.  In the context of the instant case, it would be unreasonable to require the defendant to hire a new counsel to review the work of his appellate counsel while the direct appeal was in the process of being resolved.  The nine months required to obtain the record in both cases, the case consolidation, and the complexity of the consolidated cases together contributed to the delay in the termination of proceedings on direct appeal.  Based on the totality of the circumstances, the record does not reflect the untimely filing of the petition in the instant case was the result of “something greater than ordinary negligence [that] is akin to recklessness.”  
Boclair
, 202 Ill. 2d at 108.

In the factual context of the instant case, we agree with the conclusion reached in
 People v. Ivy
, 313 Ill. App. 3d 1011, 1016 (2000):

“We are not prepared to require a defendant to file a post-conviction petition while the decision of this court on direct appeal is pending in order to be within the three-year limitations period from the original imposition of sentence.  An otherwise diligent defendant should not be penalized in the filing of a post-conviction petition for the length of time it takes his attorneys, the State, and this court to process a direct appeal.  Therefore, we find defendant’s petition for post-conviction relief was not barred by section 122-1(c) but was timely filed.” 

In the instant case, we are mindful that the post-conviction petition alleges ineffective assistance of both trial and appellate counsel.  Attached to the post-conviction petition is defendant’s affidavit, excerpts from the hearing on the motion to withdraw his guilty plea, and the brief filed by his appellate counsel.  While the appeal was pending, defendant was relying on the advice and representation of appellate counsel.  
In the context of the instant case, where the petition alleges ineffective assistance of appellate counsel, we are not inclined to require the defendant to file a post-conviction petition alleging ineffective assistance of appellate counsel while his direct appeal is pending.  

Moreover, we are mindful that our supreme court has held section 122-3 of the Act expressly requires courts to apply the procedural bar of waiver when reviewing claims asserted in a successive post-conviction petition.  
People v. Pitsonbarger
, 205 Ill. 2d 444, 458 (2002).  Requiring defendant to file a post-conviction petition while his direct appeal is pending will cause piecemeal litigation and may preclude defendant from raising legitimate allegations of
 
constitutional
 
deprivations due to the successive petition waiver rule.  
People v. Britt-El
, 206 Ill. 2d 331 (2002).  After reviewing the facts of the instant case, together with the
 Boclair
 definition of culpable negligence, as reaffirmed in
 Rissley
, we conclude the circuit court erred in finding defendant failed to provide any reason that justified the delay in filing his post-conviction petition.

IV. POST-CONVICTION JUDGE

Defendant argues that both Judge Palmer and Judge McSweeney Moore erred by refusing his requests that a judge other than Judge Palmer preside over his post-conviction petition.  Usually the same judge who presided over the original proceeding resolves the post-conviction petition. 
 People v. Madej
, 177 Ill. 2d 116, 163-64 (1997)
.  
However, if a judge is biased or prejudiced against defendant, or may be a witness during the post-conviction proceedings, recusal may be required. 
 People v. Steidl
, 177 Ill. 2d 239, 266 (1997);
 People v. Wilson
, 37 Ill. 2d 617, 621 (1967).

The defendant relies on the disparity between the sentence offered during plea bargaining and that ultimately imposed to support his argument that Judge Palmer should have recused himself and Judge McSweeney Moore should have granted his motion for substitution of judge.  Where there is a disparity between the sentence imposed and the sentence offered in exchange for a guilty plea, the record must demonstrate the greater sentence was imposed punitively in order to require the judge be removed from the case. 
 People v. Perry
, 47 Ill. 2d 402, 408 (1971).  

In the instant case, Judge Palmer noted the statute mandated consecutive sentencing because of the sex offenses involved.  The experienced trial judge properly considered aggravation, mitigation, the presentence report, the nature of the offense, and the defendant’s history.  Defendant was not entitled to Judge Palmer’s recusal or a substitution of judge for cause because the record fails to demonstrate defendant’s argument that Judge Palmer was biased or prejudiced against him.  
People v. Carroll
, 260 Ill. App. 3d 319, 348 (1992).

CONCLUSION

For the reasons previously discussed, the entire petition should advance to the second stage of the post-conviction process.  The petition is not frivolous or patently without merit, but alleges a constitutional violation that is not rebutted by the record.  Delay in filing the petition was not due to defendant’s culpable negligence.  The time limitations under the Act should not be interpreted so as to deny a defendant a fair hearing or defeat the purpose of the Act. 
 People v. Hudson
, 65 Ill. App. 3d 422, 429 (1978).  The Act must be “ ‘liberally construed to afford a convicted person an opportunity to present questions of deprivations of constitutional rights.’ [Citation.]”  
Rissley
, 206 Ill. 2d at 421.  We believe under the circumstances of this case, defendant demonstrated that the untimeliness of his petition was not due to his culpable negligence.

We remand for proceedings under the Post-Conviction Hearing Act in accordance with sections 122-4 through 122-6 consistent with this opinion.  725 ILCS 5/122-4 through 122-6 (West 2000)
.

Reversed and remanded.

GALLAGHER and SMITH, JJ., concur.