No. 3--07--0144

_____

Filed July 21, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the Circuit Court ) of the 10th Judicial Circuit, ) Stark County, Illinois, |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 96--CF--14 |
| | ) |
| RONALD L. STOECKER, | ) Honorable |
| | ) Stuart P. Borden, |
| Defendant-Appellant. | ) Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the opinion of the court:

_____


A jury convicted the defendant, Ronald L. Stoecker, of first

degree murder (720 ILCS 5/9--1(a)(2) (West 1996)) and aggravated

criminal sexual assault (720 ILCS 5/12--14(a)(2) (West 1996)).

The court sentenced the defendant to terms of imprisonment of

natural life and 30 years, respectively.  This court affirmed the

defendant's convictions on direct appeal.  People v. Stoecker,

No. 3--98--0750 (1999) (unpublished order under Supreme Court

Rule 23).  Thereafter, the defendant filed a petition for

postconviction relief.  This petition, which was amended four

times either pro se or by counsel, was dismissed by the trial

court at the second stage.  The defendant appealed.  On appeal,

the defendant argues that he was not culpably negligent for the late filing of the petition.  We affirm.

FACTS

In April 1997, the defendant was charged with first degree murder (720 ILCS 5/9--1(a)(2) (West 1996)) and aggravated criminal sexual assault (720 ILCS 5/12--14(a)(2) (West 1996)) of 15-year-old Jean Marie Humble.  The defendant was tried on these charges and convicted.  On July 17, 1998, the court sentenced him to terms of imprisonment of natural life for first degree murder and 30 years for aggravated criminal sexual assault.

The defendant appealed to this court.  On December 3, 1999, we affirmed the defendant's conviction.  Stoecker, No. 3--98--0750.

On May 2, 2005, the defendant filed a pro se petition under section 2--1401 of the Code of Civil Procedure for relief from judgment.  735 ILCS 5/2--1401 (West 2004).  The court construed this filing as a petition for postconviction relief (725 ILCS 5/122--1 et seq. (West 2004)) and dismissed the petition on August 19, 2005.  The defendant filed a motion to reconsider, which the court granted.  The court also ordered that the only issues upon reconsideration were the defendant's assertions of ineffective assistance of counsel at the trial and appellate levels.  However, the defendant chose to present a number of other issues.  In addition to the defendant's first petition for

2

postconviction relief, the defendant, acting either pro se or by counsel, filed four subsequent amended petitions for postconviction relief.

In the fifth petition (hereinafter the fifth amended petition), the defendant alleged that on January 11, 2000, he retained private counsel to represent him in postconviction proceedings. Counsel assured the defendant that his petition would be timely filed. On March 25, 2002, counsel notified the defendant that he did not have a constitutional violation to present for postconviction review. The defendant alleged that counsel did not return the record to him until April 2004.

The trial court considered, and dismissed, the defendant's fifth amended petition for postconviction relief. The court assumed, for argument's sake, that the petition was timely filed, addressed only the issue of ineffective assistance of counsel, and concluded that the defendant did not have a meritorious constitutional allegation of ineffective assistance of counsel.

The defendant appealed the trial court's dismissal of his pro se fifth amended petition for postconviction relief. In this petition, the defendant asserts, inter alia, that he is: (1) not culpably negligent for the late filing of his postconviction petition because his counsel assured him the petition would be timely filed; and (2) actually innocent of the crimes for which he was convicted, and requests a retest of biological evidence in

3

order to advance this claim.

ANALYSIS

On appeal, the defendant first asserts that he is not culpably negligent for the late filing of his petition for postconviction relief. The defendant contends that he relied on the assurance of Ronald Hamm, his retained postconviction counsel, that his postconviction petition would be timely filed.

The Post-Conviction Hearing Act provides a mechanism for any person imprisoned in a penitentiary to bring an allegation of a substantial denial of his constitutional rights at trial. 725 ILCS 5/122--1(a) (West 2004). A postconviction petition is a collateral proceeding and not an appeal of the underlying judgment. Thus, postconviction relief "is not a substitute for, or an addendum to, direct appeal." People v. Kokoraleis, 159 Ill. 2d 325, 328, 637 N.E.2d 1015, 1017 (1994). A postconviction petition must also include supporting affidavits, records, or other evidence, or an explanation of their absence. 725 ILCS 5/122--2 (West 2004). The absence of affidavits supporting the defendant's claims will not necessarily quash the defendant's opportunity to obtain postconviction relief, if the allegations are uncontradicted and clearly supported by the record. People v. McGinnis, 51 Ill. App. 3d 273, 366 N.E.2d 969 (1977).

Pursuant to section 122--1(c) of the Post-Conviction Hearing Act, if a petition for certiorari is not filed, a postconviction

4

proceeding cannot begin more than six months from the date for filing a certiorari petition, unless the petitioner alleges sufficient facts that establish the delay was not due to his "culpable negligence." 725 ILCS 5/122--1(c) (West 2004). The time limits in section 122--1(c) act as a statute of limitations. People v. Paleologos, 345 Ill. App. 3d 700, 803 N.E.2d 108 (2003). The Act's time limitation is not a jurisdictional bar, but is an affirmative defense that can be raised, waived, or forfeited by the State. Paleologos, 345 Ill. App. 3d 700, 803 N.E.2d 108. In order to determine the timeliness of a postconviction petition, the effective time restrictions as of the date of filing control. People v. Bates, 124 Ill. 2d 81, 529 N.E.2d 227 (1988).

In this case, the defendant concedes that his petition for postconviction relief is untimely but alleges the delay is not due to his culpable negligence.

An untimely petition for postconviction relief is not subject to dismissal if the delay in filing was not due to the defendant's culpable negligence. 725 ILCS 5/122--1(c) (West 2004); Paleologos, 345 Ill. App. 3d 700, 803 N.E.2d 108. The burden rests with the defendant to prove a lack of culpable negligence. People v. Ramirez, 361 Ill. App. 3d 450, 837 N.E.2d 111 (2005). The Illinois Supreme Court has recognized that culpable negligence contemplates more than ordinary negligence.

5

People v. Rissley, 206 Ill. 2d 403, 795 N.E.2d 174 (2003). Rather, culpable negligence, while not intentional, involves a disregard of the consequences likely to flow from one's actions. People v. Lander, 215 Ill. 2d 577, 831 N.E.2d 596 (2005).

Although the length of the delay, alone, does not establish culpable negligence, "it stands to reason that a defendant who waits nearly five years beyond the statutory deadline to file a petition has more explaining to do than one who is late by less than a week." People v. Hampton, 349 Ill. App. 3d 824, 828, 807 N.E.2d 1262, 1265 (2004). In general, all citizens are charged with knowledge of the law. People v. Boclair, 202 Ill. 2d 89, 789 N.E.2d 734 (2002). Further, the sole obligation for filing a timely postconviction petition remains with the defendant. Lander, 215 Ill. 2d 577, 831 N.E.2d 596. Neither a lack of knowledge of the law nor an unfamiliarity with the Act's requirements will excuse the delay in filing a suit. Boclair, 202 Ill. 2d 89, 789 N.E.2d 734; Hampton, 349 Ill. App. 3d 824, 807 N.E.2d 1262.

The trial court's findings of fact regarding a defendant's culpable negligence will be reversed only if they were manifestly erroneous, but the ultimate conclusion of whether the established facts demonstrate culpable negligence is subject to a de novo review. Ramirez, 361 Ill. App. 3d 450, 837 N.E.2d 111. In this case, the trial court did not make specific factual findings

6

regarding the issue of the defendant's culpable negligence, so our review of the second-stage dismissal of the defendant's postconviction petition is de novo. Ramirez, 361 Ill. App. 3d 450, 837 N.E.2d 111. An appellate court can affirm on any basis supported by the record. Aboufariss v. City of De Kalb, 305 Ill. App. 3d 1054, 713 N.E.2d 804 (1999).

In this case, in the defendant's fifth amended postconviction petition, he alleges that: (1) he retained attorney Hamm on January 11, 2000, to represent him for purposes of postconviction review; (2) Hamm assured the defendant his postconviction petition would be timely filed; (3) Hamm, on March 25, 2002, notified the defendant that he did not have a constitutional violation to present for postconviction review; (4) Hamm did not return the records to the defendant until April 2004; and (5) the defendant "worked diligently" to file his petition for postconviction relief by May 2, 2005. The postconviction petition includes affidavits from: (1) the defendant, averring his allegations were truthful; and (2) the defendant's brother and father, both averring that they believed that trial counsel provided ineffective assistance.

First, it is well settled that not only is the defendant charged with presumptive knowledge of the law, but also that the timely filing of a petition for postconviction relief is the sole responsibility of the defendant. See Lander, 215 Ill. 2d 577,

7

831 N.E.2d 596. Further, the assistance of counsel for purposes of postconviction review is not a constitutional right. <u>People v. Pinkonsly</u>, 207 Ill. 2d 555, 802 N.E.2d 236 (2003). Here, the defendant has not established that the mere fact he may have hired counsel to assist in postconviction proceedings relieves him of culpable negligence for the late filing of the petition. Rather, it is the sole responsibility of the defendant to ensure the petition is timely filed.

Further, the defendant has failed to attach an affidavit that supports his contentions that Hamm: (1) was retained in January 2000; (2) promised to timely file the defendant's petition for postconviction relief; and (3) retained the record for two years after notifying the defendant he would not file a postconviction petition on his behalf. We recognize that the absence of an affidavit supporting the defendant's contentions does not require the automatic dismissal of the defendant's petition. In this case, however, the defendant's allegations are not clearly supported by the record. The record contains only two letters from Hamm to the defendant, one dated August 3, 2000, requesting a telephone conversation to speak about the postconviction proceedings, and the other, dated March 25, 2002, notifying the defendant that his case did not present any issues by which relief could be granted. Thus, these claims are not supported by the defendant's own affidavit, those of his father

8

and brother, or by the record.  Therefore, they do not assist the defendant in establishing he was not culpably negligent in the untimely filing of his postconviction petition.

Assuming, arguendo, that the defendant did not receive the record until April 2004, another 13 months elapsed before the defendant filed his initial petition for postconviction relief. During this time, the defendant did not notify the court about his situation, nor did he file a motion for leave to file an untimely petition.  These facts further rebut the defendant's contention that he lacks culpable negligence for the late filing of the petition.

Overall, neither the defendant's petition nor the record supports the defendant's assertion that he was not culpably negligent for the untimely filing of his petition for postconviction relief.  An appellate court is not constrained by the reasoning of the trial court and may affirm the dismissal of a postconviction petition on any basis supported by the record. People v. DeBerry, 372 Ill. App. 3d 1056, 868 N.E.2d 382 (2007). Therefore, although the trial court considered and dismissed the petition on the merits, we find that the petition was untimely and the defendant cannot establish he was not culpably negligent for the untimely filing.  Thus, the trial court did not err by dismissing the defendant's postconviction petition.

In his fifth amended petition for postconviction relief, the

defendant also asserts that he is actually innocent.  In support of this contention, the defendant notes in his brief that he filed a motion under section 116--3 of the Code of Criminal Procedure of 1963 for deoxyribonucleic acid testing, which has not been heard by the trial court.  725 ILCS 5/116--3 (West 2004).  The defendant further admits that he "has not provided evidence of his actual innocence."  Thus, this vague assertion of actual innocence does not excuse the untimeliness of the defendant's postconviction petition, and it was properly dismissed by the trial court.

Because we affirm dismissal of the defendant's petition based on untimeliness, we need not consider the remainder of the claims alleged in his petition for postconviction relief.

CONCLUSION

The judgment of the circuit court of Stark County is affirmed.

Affirmed.

CARTER and LYTTON, JJ., concur.