2019 IL App (2d) 170748-U
No. 2-17-0748
Order filed November 6, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Boone County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 11-CF-98 |
| CHRISTOPHER KEITHLEY, | ) ) | Honorable C. Robert Tobin III, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Presiding Justice Birkett and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court properly summarily dismissed defendant's postconviction petition, which alleged that he received ineffective assistance of counsel during plea negotiations: although defendant claimed that he would not have rejected a plea offer had counsel told him of the sentencing consequences he faced, he did not allege that he rejected any such offer before the trial court had told him, and he did not provide specifics about the offer so as to establish that the court would have approved the agreement.

¶ 2   Defendant, Christopher Keithley, appeals from an order of the circuit court of Boone County summarily dismissing his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) from his conviction, following a bench trial, of two

counts of predatory criminal sexual assault of a child (720 ILCS 12-14.1(a)(1) (West 2010)) and a single count of aggravated criminal sexual abuse (*id.* § 12-16(c)(1)). In his petition, defendant claimed, *inter alia*, that he did not receive the effective assistance of counsel in connection with unsuccessful plea negotiations. We affirm.

¶ 3                                                  I. BACKGROUND

¶ 4      At defendant's first court appearance, on March 31, 2011, the trial court advised him that predatory criminal sexual assault of a child was punishable by a prison term of 6 to 30 years followed by an indeterminate term of mandatory supervised release (MSR) of four years to life. The trial court advised defendant that aggravated criminal sexual abuse was punishable by a prison term of three to seven years with a two-year MSR term. The court did not advise defendant that the sentences would be served consecutively. The court appointed the Boone County Public Defender, Azhar J. Minhas, to represent defendant.

¶ 5      On November 15, 2013, the trial court set the case for trial on April 21, 2014. However, at a status hearing on April 11, 2014, Minhas requested that the case be removed from the trial call. He explained that he wanted time to meet with defendant and "advise him of the offers made by the State as of yesterday evening." At a hearing on June 13, 2014, Minhas advised the trial court that defendant intended to retain private counsel. On June 27, 2014, attorney David H. Towns entered his appearance as counsel for defendant. On May 4, 2015, defendant waived his right to a jury trial. Before accepting the waiver, the trial court advised defendant of the penalties he faced if convicted. The trial court explained that predatory criminal sexual assault of a child was a nonprobationable offense and that, if convicted of both counts, his 6-to-30-year prison terms would be served "back to back." The trial court further explained that aggravated criminal sexual abuse was punishable by a prison term of three to seven years that "would have to be served back

to back with either *** [of] the two predatory criminal sexual assaults." The trial court added that, after his release from prison, defendant would be required to serve MSR terms of three years to life for predatory criminal sexual assault of a child and two years for aggravated criminal sexual abuse.

¶ 6    Defendant's bench trial took place on May 5 and May 6, 2015. On June 18, 2015, the trial court sentenced defendant to consecutive prison terms of nine years (plus MSR terms of three years to life) for each count of predatory criminal sexual assault and four years for aggravated criminal sexual abuse. Defendant filed a timely notice of appeal and the appellate defender was appointed to represent him. However, the appellate defender moved to withdraw as counsel on appeal pursuant to the procedure set forth in *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967). We granted the motion and affirmed defendant's convictions. *People v. Keithley*, No. 2-15-0713 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 7    On August 14, 2017, defendant filed his postconviction petition. He claimed, *inter alia*, that he was deprived of his right to the effective assistance of counsel at trial because counsel did not advise him of the possible consequences of rejecting a plea offer by the State. Defendant alleged that counsel did not inform him that, if convicted, he would "expose himself to a minimum Twenty-two years sentence due to his eligibility for consecutive sentence" and would, in addition, "[b]e subject to supervised release ranging from three-years-to-life." Defendant alleged that "had he been advised, prior to trial of his true sentenceexposure [*sic*], he would of excepted [*sic*] the prosecution's plea offer and received a Class three, ten-year to life registration offense." In an affidavit submitted with the petition, defendant stated that on June 15, 2015 (which he referred to as the date of his trial), he learned that he "faced a 4 years to Life supervised release statutory

requirement." According to the affidavit, Towns did not inform him of that requirement prior to trial. The affidavit stated that Towns led him to believe that he "faced 10 year maximum supervised release during our conversation regarding the state's plea offer." The affidavit further stated that Towns failed to tell defendant that he "was eligible for separate and consecutive sentences." According to the affidavit, had Towns explained these "sentencing possibilities," defendant would have "accepted the state's plea, a class X 10 year *** and 10 year registration." The trial court summarily dismissed the petition, and this appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9      Before considering defendant's arguments, we first summarize the relevant principles governing proceedings under the Act. Our supreme court has stated as follows:

> "The Act [citation] provides a remedy for incarcerated defendants who have suffered a substantial violation of their constitutional rights at trial. Under the Act, a postconviction proceeding contains three stages. At the first stage, the circuit court must independently review the postconviction petition, without input from the State, and determine whether it is 'frivolous or is patently without merit.' [Citation.] If the court makes this determination, the court must dismiss the petition in a written order. [Citation.] If the petition is not dismissed, the proceedings move to the second stage. [Citation.]
>
> At the second stage, counsel is appointed to represent the defendant, if he is indigent [citation], and the State is permitted to file responsive pleadings [citation]. The circuit court must determine at this stage whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. [Citation.] If no such showing is made, the petition is dismissed. If, however, the petition sets forth a substantial showing of a constitutional violation, it is advanced to the third stage, where

the circuit court conducts an evidentiary hearing [citation]." *People v. Johnson*, 2018 IL 122227, ¶¶ 14-15.

¶ 10 A petition will be dismissed at the first stage, as frivolous or patently without merit, if the petition has no arguable basis either in law or in fact. *People v. Hodges*, 234 Ill. 2d 1, 12 (2009). That is the case when a petition "is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* at 16. Section 122-2 of the Act (725 ILCS 5/122-2 (West 2016)) governs the form of postconviction petitions. "At the first stage of proceedings, we must accept as true all facts alleged in the postconviction petition, unless the record contradicts those allegations." *People v. Barghouti*, 2013 IL App (1st) 112373, ¶ 16. Our review is *de novo*. *Id.* ¶ 13.

¶ 11 In his petition, defendant claimed that trial counsel's failure to advise him of the possible consequences of rejecting a plea offer deprived him of the effective assistance of counsel. A criminal defendant's constitutional right to the effective assistance of counsel applies in connection with plea negotiations. *People v. Hale*, 2013 IL 113140, ¶ 15 (citing *Lafler v. Cooper*, 566 U.S. 156 (2012)). Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984), which requires a showing that counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance was prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." In order to assist a criminal defendant in determining whether to accept a plea offer, counsel "must fully inform himself of the facts and the law relevant to the State's offer and candidly advise his client as to the direct consequences of accepting or rejecting the offer." *People v. Brown*, 309 Ill. App. 3d 599, 605 (1999). This entails supplying accurate information about the maximum and minimum sentences the defendant faces if convicted. *Id.* To show prejudice under *Strickland*

where a defendant has rejected a plea offer, it is not enough simply to show that the defendant did not receive proper advice. As the United States Supreme Court has stated:

"[A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 164.

¶ 12 The trial court's written order summarily dismissing defendant's petition stated that the trial court properly informed defendant of the sentence he faced if convicted of predatory criminal sexual assault of a child and aggravated criminal sexual abuse. Thus, according to the trial court, the record "contradict[ed] the allegations made by [defendant] in his affidavit." The trial court concluded that defendant "failed to allege facts sufficient to support [*Strickland*'s] prejudice prong."

¶ 13 Defendant contends that "[c]ontrary to the lower court's findings, counsel's deficient performance was not cured by the trial court's admonishments." Defendant notes that, on April 11, 2014, Minhas advised the trial court that the parties were engaged in plea negotiations. Defendant also notes that the trial court did not advise him that he was subject to consecutive sentencing until May 4, 2015, the day before defendant's trial began. Thus, according to defendant, "[h]e was not advised by the trial court of the mandatory consecutive sentencing until well after he had chosen to reject the plea offer." Defendant also contends that, although he was admonished

in March 2011 of the possibility of a life term of MSR, that admonishment was too long before the plea negotiations to be effective.[1]

¶ 14     In actuality, although the record suggests that plea negotiations were underway on April 11, 2014, it does not indicate when the State made, or when defendant rejected, any particular offer.  Negotiations could have taken place at other points during the proceedings before and/or after April 11, 2014.  However, the petition itself is silent as to the timing of the offer.  Defendant's argument is predicated on the assumption that he rejected the alleged offer before receiving a full admonishment from the trial court in connection with his waiver of the right to a jury trial, but that is not alleged in his petition.  Even though the admonishment occurred only one day before trial, it remains a matter of speculation whether the offer was pending or whether the State might have reinstated it.  Certainly, last-minute plea negotiations are not unheard of.

¶ 15     We recognize that a defendant is expected only to supply a limited amount of detail in a *pro se* postconviction petition.  *People v. Ligon*, 239 Ill. 2d 94, 104 (2010).  However, "nonfactual and nonspecific assertions which merely amount to conclusions are not sufficient."  *People v. Lewis*, 2017 IL App (1st) 150070, ¶ 14.  Because defendant failed to pinpoint when the alleged plea offer was made in relation to the trial court's admonishment, the allegation that he rejected the offer without knowledge of the consequence of doing so is the sort of conclusion that warrants summary dismissal.[2]

_____

[1] Defendant does not complain about the trial court's inconsistent admonishments regarding the *minimum* term of MSR.

[2] This deficiency distinguishes this case from two cases—*Barghouti* and *People v. Paleologos*, 345 Ill. App. 3d 700 (2003)—cited by defendant in which the courts found that the

¶ 16    The lack of specificity about the terms of the plea offer is also problematic.  Defendant alleged that, had he accepted the State's plea offer, he would have received a "Class three, ten-year to life registration offense."  Defendant did not specify to what offense he would have pleaded guilty.  As noted, in order to show prejudice, defendant was required to establish a reasonable probability that, if defendant had accepted the State's plea offer, the trial court would have approved the agreement.  However, without further detail about the plea offer, the petition lacks even a minimal factual basis for concluding that prejudice existed.  It is not arguable that there was a reasonable probability that the trial court would have approved the plea agreement: the petition alleges no facts on which such an argument might be based.

¶ 17                                III. CONCLUSION

¶ 18    For the foregoing reasons, the judgment of the circuit court of Boone County is affirmed.

¶ 19    Affirmed.

¶ 20

---

defendants had sufficiently alleged that they would have accepted plea offers had they known the consequences of rejecting them.  In neither case does it appear that an admonition by the trial court cured counsel's allegedly deficient performance.