NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250033-U

NO. 4-25-0033

IN THE APPELLATE COURT

FILED
October 21, 2025
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| DEMARIO DANTE DUNAE, | ) | No. 20CF370 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Doherty and Lannerd concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court remanded the matter with directions for the trial court to hold
second-stage postconviction proceedings.

¶ 2      In January 2022, defendant, Demario Dante Dunae, pleaded guilty to unlawful

possession of a controlled substance with the intent to deliver (720 ILCS 570/401(a)(1)(B) (West

2020)). Pursuant to a negotiated plea agreement, the trial court sentenced defendant to 10 years'

imprisonment, to be served at 75%. In February 2022, defendant filed a *pro se* document raising,

*inter alia*, unconstitutional double enhancement of his sentence, denial of good conduct credit,

and ineffective assistance of counsel. The trial court directed the issuance of a docket entry

indicating defendant's *pro se* pleading would be treated as a motion to withdraw his guilty plea.

¶ 3      In May 2022, defendant filed a *pro se* petition pursuant to the Post-Conviction

Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)), asserting, *inter alia*, he did not

receive a response to what he then described as his motion "to vacate [his] plea agreement."

¶ 4     In July 2022, the trial court dismissed defendant's postconviction petition at the first stage as "frivolous and patently without merit."

¶ 5     In May 2023, this court entered a summary order reversing the trial court and remanding defendant's postconviction petition for second-stage proceedings. *People v. Dunae*, No. 4-22-0795 (2023) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 6     In September 2024, the trial court held a hearing on defendant's motion to withdraw his guilty plea. After denying the motion, the court declined to hold second-stage postconviction proceedings.

¶ 7     Defendant appeals, arguing the trial court erred by not holding second-stage proceedings on his postconviction petition. We remand for second-stage proceedings.

¶ 8                              I. BACKGROUND

¶ 9     In July 2020, the State charged defendant with unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(1)(B) (West 2020)), unlawful possession of a controlled substance (720 ILCS 570/402(a)(1)(B) (West 2020)), and forgery (720 ILCS 5/17-3(a)(3) (West 2020)). In January 2022, defendant pleaded guilty to unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(a)(1)(B) (West 2020)). In exchange, the State agreed to the dismissal of the remaining charges and a sentence of 10 years' imprisonment.

¶ 10    The trial court heard the following factual basis for defendant's plea. On May 7, 2020, defendant was stopped by a K-9 officer for speeding on northbound Interstate 55. The officer learned defendant's driver's license was revoked in Missouri. An inventory search revealed a vacuum-sealed bag containing approximately 200 grams of purported heroin. Both the

field test and confirmatory testing at the lab were positive for the presence of heroin. Police would testify the large amount of heroin with a lack of drug paraphernalia provided indicia of intent to deliver and all the events occurred in McLean County. The court accepted defendant's plea and sentenced him to 10 years' imprisonment, to be served at 75%, consistent with the State's agreement, and a 1.5-year term of mandatory supervised release. The court gave defendant 611 days credit for time served in pretrial custody.

¶ 11                    A. Defendant's Motion to Withdraw His Guilty Plea

¶ 12          In February 2022, defendant filed a *pro se* document captioned "Direct Appeal," asserting (1) his sentence was unconstitutional based on double enhancement, (2) the Illinois "truth in sentencing" law violated the single subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)), (3) the trial court denied him good conduct credit, and (4) his plea counsel was ineffective. The court issued a docket entry indicating defendant's *pro se* filing would be treated as a motion to withdraw his guilty plea.

¶ 13                    B. Defendant's Postconviction Petition

¶ 14          In May 2022, defendant filed a *pro se* petition under the Act, asserting, *inter alia*, (1) his 10-year sentence and the requirement he serve 75% of that sentence constituted double enhancement, (2) the fines imposed by the trial court were excessive, (3) the search of his vehicle was unconstitutional and the fruits of that search should have been suppressed, (4) his plea counsel was ineffective, and (5) he filed a timely notice of appeal in February 2022 "to vacate [his] plea agreement" but had not received a response.

¶ 15          In July 2022, the trial court entered a written order dismissing defendant's postconviction petition at the first stage as "frivolous and patently without merit."

¶ 16          In May 2023, this court entered a summary order reversing the trial court and

- 3 -

remanding defendant's postconviction petition for second-stage proceedings based on the finding defendant sufficiently stated the gist of a constitutional claim. *Dunae*, No. 4-22-0795. This court found defendant's allegation the trial court erred by not holding a hearing on his motion to withdraw his guilty plea implicated his fundamental " 'right to appeal a criminal conviction' " under the Illinois Constitution. *Dunae*, No. 4-22-0795 (quoting *People v. Ross*, 229 Ill. 2d 255, 268 (2008)).

¶ 17        In July 2023, this court entered another order, granting summary remand for compliance with Illinois Supreme Court Rule 604(d) (eff. Dec. 23, 2022) following the denial of defendant's postplea motion to withdraw. *People v. Dunae*, No. 4-23-0183 (2023) (order).

¶ 18                                C. Proceedings on Remand

¶ 19        In February 2024, defense counsel Kelly Harms "accept[ed] an appointment as counsel for the second stage [postconviction] proceedings." Harms also accepted "the duties of acting as counsel for the motion to withdraw guilty plea." The trial court assured Harms it would "find new counsel to do the post-conviction" proceedings in the event defendant complained about her performance on the motion.

¶ 20        On September 6, 2024, the trial court held a hearing on defendant's motion to withdraw his guilty plea. The court denied defendant's motion. Harms then inquired about postconviction proceedings "still pending because of the Appellate Court's decision." In response, the court declined to hold second-stage postconviction proceedings. The court stated defendant "now ha[d] an appealable issue on the motion to withdraw his guilty plea" and if he "wishe[d] to again file a [postconviction] petition, then he would be able to."

¶ 21        This appeal followed.

¶ 22                                II. ANALYSIS

¶ 23 Defendant argues the trial court erred by not holding second-stage proceedings on his postconviction petition as this court instructed in its earlier order. We remand.

¶ 24                                    A. Standard of Review and Applicable Law

¶ 25 Whether a trial court complies with a reviewing court's mandate is a question of law subject to *de novo* review. *Clemons v. Mechanical Devices Co.*, 202 Ill. 2d 344, 352 (2002). A trial court's dismissal of a postconviction petition is reviewed *de novo*. *People v. Gharrett*, 2022 IL App (4th) 210349, ¶ 30. A trial court has a duty to follow a reviewing court's mandate and do what is directed. *PSL Realty Co. v. Granite Investment Co.*, 86 Ill. 2d 291, 308 (1981).

¶ 26 The Act provides a means by which criminal defendants can assert their convictions were the result of a substantial denial of their rights under the federal or state constitutions, or both. *People v. Guerrero*, 2012 IL 112020, ¶ 14. A proceeding under the Act is a collateral proceeding and not an appeal from the defendant's conviction and sentence. *People v. English*, 2013 IL 112890, ¶ 21. The Act establishes a three-stage process for adjudicating a postconviction petition. *English*, 2013 IL 112890, ¶ 23. At the first stage, the trial court must review the postconviction petition and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2022). The threshold for surviving the first stage of postconviction proceedings is low; the petition need only present "the gist of a constitutional claim." *People v. Harris*, 224 Ill. 2d 115, 126 (2007).

¶ 27 "During second-stage proceedings, the court may appoint counsel for an indigent defendant, who may amend the petition as necessary, and the State may file a motion to dismiss or an answer to the petition." *People v. Cotto*, 2016 IL 119006, ¶ 27. A petition may be dismissed at the second stage "only when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation." *People*

*v. Hall*, 217 Ill. 2d 324, 334, 299 (2005).

¶ 28                                    B. This Case

¶ 29        In May 2022, defendant filed a *pro se* petition for relief under the Act. In July 2022, the trial court dismissed defendant's petition at the first stage as "frivolous and patently without merit." Defendant appealed to this court. This court found defendant presented the gist of a constitutional claim the trial court erred by not holding a hearing on his motion to withdraw his guilty plea, affecting his fundamental " 'right to appeal a criminal conviction' " under the Illinois Constitution. *Dunae*, No. 4-22-0795 (quoting *Ross*, 229 Ill. 2d at 268). Accordingly, this court entered a summary order reversing the dismissal and instructing the trial court to hold second-stage proceedings on defendant's postconviction petition. *Dunae*, No. 4-22-0795. In the summary order, this court explicitly and repeatedly stated, "[W]e reverse the trial court's judgment and remand the cause for second-stage postconviction proceedings." *Dunae*, No. 4-22-0795.

¶ 30        On remand, the trial court appointed Harms as defendant's counsel for the second-stage postconviction proceedings in February 2024. Harms was asked about amending the postconviction petition at a hearing in June 2024. Harms indicated decisions to amend the petition would "depend[ ] on what happen[ed] with the motion to withdraw guilty plea." The court denied defendant's motion to withdraw his guilty plea on September 6, 2024. After the motion was denied, Harms reminded the court about "the postconviction that [was] still on file." Harms inquired about the petition "still pending because of the Appellate Court's decision." The court responded:

> "Well, I think at this point the way it would go is the defendant now has an
>
> appealable issue on the motion to withdraw his guilty plea. I believe since now

- 6 -

the Court has denied that motion, that if he wishes to again file a postconviction petition, then he would be able to. It would not be a subsequent petition at this point because of the decision that the Court made today. So he would have an opportunity to file a [petition] if that is his desire, but the notice of appeal will be done."

¶ 31 Defendant argues the trial court failed to follow this court's summary order and advance his petition to second-stage proceedings. We agree. In its brief, the State concedes "no [postconviction] petition was presented or considered by the [trial] court." By failing to address defendant's postconviction petition, the trial court deprived defendant of the opportunity, through counsel, to amend the petition as he saw fit. The trial court evaded this court's mandate to advance defendant's postconviction petition to second-stage proceedings. When a petition is remanded for second-stage proceedings, the trial court is required to review the entirety of a defendant's postconviction claims. *People v. Cathey*, 2012 IL 111746, ¶ 34. The trial court was not permitted to dismiss defendant's postconviction petition after it concluded defendant's motion to withdraw his guilty plea was resolved.

¶ 32 The Act does not permit partial dismissal of a defendant's petition. *People v. Paleologos*, 345 Ill. App. 3d 700, 706 (2003). If any single allegation states the gist of a constitutional deprivation, the entire petition is docketed for second-stage review. *Paleologos*, 345 Ill. App. 3d at 706. In our July 2024 summary order, we remanded defendant's postconviction petition for second-stage proceedings after finding defendant stated the gist of a constitutional claim the trial court did not hold a hearing on his motion to withdraw his guilty plea. We did not address the merits of defendant's other postconviction claims, which included allegations of (1) double enhancement in sentencing, (2) excessive fines imposed by the court,

(3) an unconstitutional search of his vehicle, and (4) ineffective plea counsel. On remand for second-stage proceedings, the court was not permitted to ignore defendant's additional postconviction claims. While the State argues "there is no potential merit to any of defendant's allegations," the State will have the opportunity to answer defendant's petition during the second-stage proceedings. See *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006) ("After counsel has made any necessary amendments to the petition, the State may move to dismiss a petition or an amended petition pending before the court.").

¶ 33        The trial court erred by not holding second-stage proceedings on defendant's postconviction petition as this court instructed in its earlier order. See *Dunae*, No. 4-22-0795. Accordingly, we remand the matter for second-stage postconviction proceedings. Surely "third time's the charm." *John "Babbacombe" Lee; The Man They Could Not Hang*, BBC (Oct. 14, 2002), https://www.bbc.co.uk/insideout/southwest/series1/john-babbacombe-lee.shtml.

¶ 34                                III. CONCLUSION

¶ 35        For the reasons stated, we remand the matter with directions for the trial court to hold second-stage postconviction proceedings.

¶ 36        Remanded with directions.