NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 170123-U

NO. 4-17-0123

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 31, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| ROGER L. PARKER, | ) | No. 14CF131 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert K. Adrian, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Holder White and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed the trial court's summary dismissal of defendant's *pro se* postconviction petitions.

¶ 2    In September 2014, a jury convicted defendant, Roger L. Parker, of aggravated battery (720 ILCS 5/12-3.05(c) (West 2012)), intimidation (*id.* § 12-6(a)(1)), and resisting a peace officer (*id.* § 31-1(a)). The trial court sentenced defendant to 30 months' probation. In December 2014, the State filed a petition to revoke defendant's probation. While the State's petition was pending, defendant filed a late notice of appeal, which this court allowed. In January 2015, the trial court granted the State's petition and later resentenced defendant to a four-year prison term for aggravated battery and a three-year term for intimidation. The court did not

resentence defendant on his resisting a peace officer conviction but discharged defendant unsuccessfully from probation.

¶ 3        In October 2016, defendant *pro se* filed a petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2014)). In December 2016, defendant *pro se* filed an "amended" postconviction petition. In January 2017, the trial court dismissed both of defendant's petitions as frivolous and patently without merit.

¶ 4        In May 2017, during the pendency of this appeal, this court affirmed defendant's conviction and sentence on direct appeal. *People v. Parker,* 2017 IL App (4th) 141016-U, ¶ 2.

¶ 5        In this appeal, defendant argues the trial court erred in dismissing his *pro se* postconviction petitions at the first stage of proceedings. For the following reasons, we affirm the trial court's judgment.

¶ 6                                  I. BACKGROUND

¶ 7        On February 28, 2014, the State charged defendant by information with aggravated battery (720 ILCS 5/12-3.05(c) (West 2012)) (count I), intimidation (*id.* § 12-6(a)(1)) (count II), and resisting a peace officer (*id.* § 31-1(a)) (count III).

¶ 8        In September 2014, the case proceeded to a jury trial. Prior to trial, the parties provided a combined witness list to the trial court, which included the names of Corey Thomas and Angela Smith as potential witnesses. On the second day of trial, defense counsel indicated that she did not plan to call Thomas or Smith to testify during defendant's case-in-chief. Defense counsel stated the following:

           "One of the witnesses that I had on my list yesterday[, Corey Thomas,]
           would not have had anything more to add than what the other two witnesses were
           to testify to. And the other witness, Angela Smith: I interviewed her this morning

by phone and determined that she didn't have anything in addition to add that would have been helpful to the defense." The jury found defendant guilty on all three counts. In October 2014, the trial court sentenced defendant to 30 months' probation.

¶ 9    On December 3, 2014, the State filed a petition to revoke defendant's probation. On December 9, 2014, while the State's petition was pending, defendant filed a late notice of appeal, which this court allowed. On January 26, 2015, the trial court found the State proved its petition by a preponderance of the evidence and revoked defendant's probation *in absentia*. On March 12, 2015, the court resentenced defendant to a four-year prison term for aggravated battery and three-year term for intimidation. The trial court determined defendant was also unsuccessfully discharged from probation for the misdemeanor resisting a peace officer conviction, but did not resentence defendant for that conviction.

¶ 10    On October 26, 2016, defendant *pro se* filed a postconviction petition. Defendant alleged:

> "[Defendant] was denied his right to the effective assistance of trial counsel where defense counsel failed and refuse[d] to call as witnesses two people who could have corroborated [defendant's] innocence.
>
> Four witnesses [were] subpoena[ed] on the behalf of my case to testify, but only the two bad witnesses [were called] to testify as bad witnesses. My trial attorney *** refuse[d] to call my important witnesses to testify at trial, to my actual innocence.
>
> ***

I have tried to obtain an affidavit from my witness[es], but have been

unable to do so because I am incarcerated and indigent and unable to locate

witness[es'] current address without assistance from the court."

¶ 11 On December 16, 2016, defendant *pro se* filed an amended postconviction petition. Defendant did not file a motion in the trial court seeking leave to amend his initial petition. In the amended petition, defendant reiterated his claim of ineffective assistance of counsel, stating, "[Defense counsel] was inad[e]quately prepared and unable to make a reasonable decision not to explore Corey Thomas['s] testimony, also Angela Smith's possible testimony or to explore an alternative defense that would be supported by th[ei]r testimony." Defendant attached an affidavit to the amended petition, which contained his signature, the signature of a notary public, the notary public's official seal, and a statement that the affidavit was "[s]igned and sworn" before a notary public on December 12, 2016. In the affidavit, defendant averred that "the following facts are true to the best of my belief or knowledge."

¶ 12 On January 13, 2017, the trial court dismissed defendant's amended petition as frivolous and patently without merit because it was "not verified by affidavit as required by statute." The court further stated,

"The original [p]etition raises the issue of ineffective assistance of counsel

for failure to call certain witnesses. That issue could have been raised on direct

appeal. Since the appeal is still pending, that issue may currently be raised on

[a]ppeal. Further, the [p]etition does not include an [a]ffidavit, nor does it state

what the witnesses' testimony would have been. As such, the [c]ourt cannot

evaluate the petitioner's claim of ineffective assistance of counsel. For those

reasons, the original [p]etition is frivolous and without merit, and is also dismissed."

¶ 13    This appeal followed. On May 18, 2017, while this appeal was pending, this court affirmed the trial court's judgment sentencing defendant to 30 months of probation and ordering defendant to pay all court costs, fees, and penalties. *Parker*, 2017 IL App (4th) 141016-U, ¶ 2.

¶ 14                              II. ANALYSIS

¶ 15    On appeal, defendant argues the trial court erred in summarily dismissing his postconviction petitions because he stated the gist of a constitutional claim of ineffective assistance of trial counsel. Specifically, defendant argues trial counsel was ineffective when she failed to call two witnesses, Corey Thomas and Angela Smith, to testify at defendant's trial. The State argues that defendant (1) does not have standing to request postconviction relief with respect to his conviction for resisting a peace officer because he did not receive a sentence for that conviction after he was unsuccessfully discharged from probation, (2) failed to state the gist of a constitutional claim for ineffective assistance of counsel, and (3) failed to state a colorable claim of actual innocence.

¶ 16                    A. Proceedings Under the Act

¶ 17    The Act (725 ILCS 5/122-1 to 122-7 (West 2014)) "provides a three-stage process for the adjudication of postconviction petitions." *People v. Harris*, 224 Ill. 2d 115, 125, 862 N.E.2d 960, 967 (2007). "At the first stage of postconviction proceedings, the circuit court reviews the petition and may summarily dismiss it if the court determines it is 'frivolous or is patently without merit.' " *People v. Perkins*, 229 Ill. 2d 34, 42, 890 N.E.2d 398, 402 (2007) (quoting 725 ILCS 5/122-2.1(a)(2) (West 2002)). "A postconviction petition is frivolous or

patently without merit when its allegations, taken as true and liberally construed, fail to present the gist of a constitutional claim." *Harris*, 224 Ill. 2d at 126.

¶ 18 If a petition survives the first stage of proceedings, it advances to the second stage where counsel may be appointed and the State may file a responsive pleading. *Harris*, 224 Ill. 2d at 126. "If at the second stage a substantial showing of a constitutional violation is established, the petition proceeds to the third stage for an evidentiary hearing." *Id.*

¶ 19 "Proceedings under the Act are commenced by the filing of a petition in the circuit court in which the original proceeding took place." *People v. Hodges*, 234 Ill. 2d 1, 9, 912 N.E.2d 1204, 1208 (2009). Pursuant to section 122-1 of the Act, the petition must be verified by affidavit. 725 ILCS 5/122-1(b) (West 2014). The purpose of the verification affidavit is to confirm that the allegations were brought "truthfully and in good faith." (Internal quotation marks omitted.) *People v. Allen*, 2015 IL 113135, ¶ 27, 32 N.E.3d 615. A *pro se* petitioner's failure to attach a verification affidavit is not fatal at the first stage of proceedings, but rather may be grounds for a motion to dismiss by the State at the second stage. *Id.*

¶ 20 Additionally, section 122-2 of the Act (725 ILCS 5/122-2 (West 2012)) requires that a postconviction petition "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." The purpose of this evidentiary requirement is to verify that the allegations in the petition are capable of objective or independent corroboration. *Allen*, 2015 IL 113135, ¶ 26. A *pro se* petitioner's "failure to either attach the necessary affidavits, records, or other evidence or explain their absence is fatal to a post-conviction petition [citation] and by itself justifies the petition's summary dismissal." (Internal quotation marks omitted.) *People v. Delton*, 227 Ill. 2d 247, 255, 882 N.E.2d 516, 520 (2008).

¶ 21        We review the trial court's summary dismissal of a postconviction petition

*de novo* (*People v. Tate*, 2012 IL 112214, ¶ 10, 980 N.E.2d 110), and may affirm on any basis

supported by the record. *People v. Stoecker*, 384 Ill. App. 3d 289, 292, 892 N.E.2d 131, 134

(2008).

¶ 22                        B. Ineffective Assistance of Counsel

¶ 23        Claims of ineffective assistance of counsel are guided by the standard set forth in

*Strickland v. Washington*, 466 U.S. 668 (1984), which requires that a defendant show both that

counsel's performance " 'fell below an objective standard of reasonableness' " and that the

deficient performance prejudiced the defense. *Hodges*, 234 Ill. 2d at 17 (quoting *Strickland*, 466

U.S. at 687-88). "At the first stage of postconviction proceedings under the Act, a petition

alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's

performance fell below an objective standard of reasonableness and (ii) it is arguable that the

defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17. A defendant must satisfy both prongs, and

the failure to satisfy either precludes an argument defendant received ineffective assistance of

counsel. *People v. Wilborn*, 2011 IL App (1st) 092802, ¶ 76, 962 N.E.2d 528; *Strickland*, 466

U.S. at 697.

¶ 24        Generally, the decisions about which witnesses to call at trial and what evidence

to present are strategic ones. *Wilborn*, 2011 IL App (1st) 092802, ¶ 79. Matters of trial strategy

"are generally immune from claims of ineffective assistance of counsel." *Id.* Furthermore,

"counsel's decision to abandon a trial strategy during trial may be reasonable under the

circumstances," and "the decision not to provide promised testimony may be warranted by

unexpected events." *Id.* ¶ 80. Under the Act, a claim that counsel was ineffective for failing to

call a witness to testify at trial generally must be supported by an evidentiary affidavit from the

proposed witness. *People v. Johnson*, 183 Ill. 2d 176, 192, 700 N.E.2d 996, 1004 (1998); *People v. Thompkins*, 161 Ill. 2d 148, 163, 641 N.E.2d 371, 378 (1994). In the absence of such an affidavit, a reviewing court cannot determine whether the proposed witness could have provided testimony or information favorable to the defendant. *Johnson*, 183 Ill. 2d at 192; *Thompkins*, 161 Ill. 2d at 163.

¶ 25                                    C. This Case

¶ 26        First, we need not address the State's argument that defendant lacks standing to challenge his conviction for resisting a peace officer because defendant forfeited any challenge to that conviction by failing to raise it in his initial or amended petitions. "[C]laims not raised in a postconviction petition cannot be argued for the first time on appeal." *People v. Pendleton*, 223 Ill. 2d 458, 470, 861 N.E.2d 999, 1006 (2006). In defendant's initial and amended petitions, he references only his convictions for aggravated battery and intimidation and fails to make any reference to his conviction for resisting a peace officer. Furthermore, defendant's notice of appeal lists only "Aggravated Battery and Intimidation" after "Offense of which convicted." Accordingly, defendant has forfeited any claim challenging his conviction for resisting a peace officer and we discuss below defendant's claim of ineffective assistance of counsel only as it relates to his convictions for aggravated battery and intimidation.

¶ 27        Here, the trial court erroneously dismissed defendant's amended petition on the basis that it was "not verified by affidavit as required by statute." Defendant attached an affidavit to his amended petition, averring that "the following facts are true to the best of my belief or knowledge." Even if we were to find defendant's affidavit was somehow deficient, a *pro se* petitioner's failure to attach a proper verification affidavit cannot be the basis for the dismissal of the petition at the first stage of proceedings. See *Allen*, 2015 IL 113135, ¶ 27.

¶ 28　　　　　　However, the trial court properly dismissed both of defendant's petitions as frivolous and patently without merit because it is not arguable defendant received ineffective assistance of counsel. First, defendant does not show it is arguable he suffered prejudice. In the petitions, defendant asserts trial counsel failed to call two witnesses, Thomas and Smith, who would have provided exculpatory evidence if they had been called to testify at trial. Defendant failed to attach affidavits or any other evidence from either witness to support this claim—a failure which by itself would support the summary dismissal of his petitions. See *Delton*, 227 Ill. 2d at 255. Defendant states that he did not attach affidavits from either witness because, due to his incarceration, he was unable to obtain their contact information. Even if we were to accept defendant's explanation as to why affidavits were not attached, defendant fails to specify what these witnesses' testimony would have been or how counsel's failure to call them to testify impacted the outcome at trial. Although defendant states both "that the [witnesses'] testimony *** would be consistent with his theory of actual innocence," and could have supported "an alternative defense," he does not explain the potential alternative defense and provides no basis for his belief that either of these witnesses would have corroborated his own testimony at trial. Defendant fails to provide a minimal amount of detail as to the factual basis for his claim of ineffective assistance. See *People v. Dupree*, 2018 IL 122307, ¶ 37, 124 N.E.3d 908 ("[T]here can be no substantial showing of ineffective assistance of counsel for failure to investigate or call a witness if there is no evidence that the exculpatory evidence actually exists."). Accordingly, it is not arguable defendant suffered prejudice.

¶ 29　　　　　　Furthermore, even if we were to assume defendant suffered prejudice as a result of trial counsel's failure to call Thomas and Smith as witnesses, it is also not arguable that trial counsel's performance fell below an objective standard of reasonableness. At defendant's trial,

counsel stated that she would not be calling Thomas or Smith, despite the fact they were on defendant's witness list, because she did not believe their testimony would provide any new or helpful evidence for the defense. This decision constituted a trial strategy from which ineffective assistance claims are ordinarily immune. See *Wilborn*, 2011 IL App (1st) 092802, ¶ 79. Defendant does not present any facts in his initial or amended postconviction petitions to rebut counsel's statement to the trial court that these witnesses' testimony would not have been helpful to the defense or explain why this strategy was otherwise erroneous. Accordingly, the court properly dismissed defendant's petitions as frivolous and patently without merit.

¶ 30       Finally, we decline to address the State's argument that defendant failed to present a colorable claim of actual innocence, as defendant stated in his reply brief that although he used the words "actual innocence" in his opening brief, his *pro se* petitions were not based on such a claim.

¶ 31                                III. CONCLUSION

¶ 32       For the reasons stated, we affirm the trial court's judgment.

¶ 33       Affirmed.