2022 IL App (2d) 210311-U
No. 2-21-0311
Order filed November 7, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 13-CF-1207 |
| | ) | 13-CF-1223 |
| | ) | |
| COREYON TREMAINE BROWN, | ) ) | Honorable Joseph G. McGraw, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Hudson and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: Postconviction counsel fulfilled his duty of alleging sufficient factual detail for defendant's claims because defendant's *pro se* petition supplied the needed factual detail missing from some claims in counsel's amended petition.

¶ 2    Defendant, Coreyon Tremaine Brown, appeals from the judgment of the circuit court of Winnebago County dismissing his postconviction petition (725 ILCS 5/122-1 *et seq.* (West 2016)). He contends that despite postconviction counsel filing a certificate per Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), counsel failed to provide reasonable assistance in amending defendant's

*pro se* petition. Because defendant has not rebutted the presumption of reasonable assistance arising from the filing of the Rule 651(c) certificate, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On May 22, 2013, defendant was charged in two cases, Nos. 13-CF-1207 and 13-CF-1223, concerning incidents on April 25 and May 2, 2013. The court appointed the public defender for defendant.

¶ 5      On May 19, 2014, defense counsel filed a motion to suppress statements defendant made to the police after his arrest on May 4, 2013. However, counsel ultimately did not pursue that motion, because the parties reached a plea agreement.

¶ 6      On August 15, 2014, the parties appeared for a status hearing on plea negotiations. Defense counsel told the court that defendant intended to hire private counsel. When the court asked defendant if counsel was correct, defendant told the court that he needed to "fire [counsel] because of ineffective counsel as well as bullying." Defendant explained that counsel was "trying to force [him] to accept[ ] a plea agreement." Defendant also stated that, when he gave counsel "different material to work with to strengthen [defendant's] case," counsel "pushe[d] it back at [defendant] and doesn't do well." Defendant wanted appointed counsel removed from his case but could not afford private counsel. The court found that defendant's complaints did not establish ineffective assistance of counsel but, rather, a showed a difference of opinion between attorney and client. The court set the matter for status on plea negotiations.

¶ 7      On August 21, 2014, defendant entered negotiated guilty pleas (1) in case No. 13-CF-1207, to two counts of attempted first-degree murder (720 ILCS 5/8-4(a)(1), 9-1(a)(1) (West 2012)) and two counts of aggravated animal cruelty (510 ILCS 70/3.02(a) (West 2012)), and (2) in case No. 13-CF-1223, to one count of attempted first-degree murder (720 ILCS 5/8-4(a)(1), 9-1(a)(1)

(West 2012)) and one count of aggravated unlawful restraint (720 ILCS 5/10-3.1(a) (West 2012)). In exchange for the guilty pleas, the State agreed to dismiss the remaining charges and to recommend an aggregate sentence of no more than 60 years' imprisonment.

¶ 8    The State provided a factual basis for each of the cases. Defense counsel agreed that, if the jury believed the witnesses, defendant would be found guilty in each case. The trial court also thoroughly admonished defendant as to the charges, the applicable sentencing ranges, and the agreed sentencing cap. Defendant acknowledged that he understood the admonishments, including the potential penalties. Defendant also stated that he had discussed the guilty pleas with counsel and was satisfied with counsel's representation. Defendant acknowledged that he understood the implications of pleading guilty. He also confirmed that no one had made any threats or promises to induce his guilty pleas and that he was entering the pleas freely and voluntarily. Defendant acknowledged that he signed guilty-plea forms, which he reviewed beforehand with counsel. The court accepted the guilty pleas, dismissed the remaining charges, and set the matter for sentencing.

¶ 9    Following a sentencing hearing, the trial court sentenced defendant in case No. 13-CF-1207 to 12 years' imprisonment on each of the two attempted murder convictions and 3 years' imprisonment on each of the two aggravated animal cruelty convictions. All sentences were made consecutive except one of the sentences for aggravated animal cruelty, which was concurrent with the others. Thus, defendant's aggregate sentence was 27 years.

¶ 10    In case No. 13-CF-1223, the court sentenced defendant to consecutive terms of 27 years' imprisonment for attempted murder and 3 years for aggravated unlawful restraint, for an aggregate sentence of 30 years. The sentences for the two cases were consecutive to each other, for an aggregate sentence of 57 years.

¶ 11    At sentencing, the trial court admonished defendant (1) that, to appeal, he needed to file a motion to withdraw his guilty plea and (2) that, "[i]f he wished to appeal from the sentence of the Court, [he] must include in that motion [to withdraw the plea] a motion to reconsider sentence."

¶ 12    On November 25, 2014, defendant moved to reconsider the sentence as excessive. He did not challenge plea. The trial court denied that motion, and defendant did not appeal.

¶ 13    On December 31, 2015, defendant moved *pro se* for leave to file a late motion to withdraw his guilty plea and vacate the judgment. Defendant attached two of his own affidavits. In the first, dated March 2, 2015, defendant referenced several instances of "horrible representation" by trial counsel, including counsel's (1) advice that defendant write apology letters to the victims, (2) refusal to consider exculpatory evidence defendant presented, (3) attempts to frighten defendant into pleading guilty by "threaten[ing] [him] with [r]ecieving [*sic*] 100 years on just one of the 2 cases" if he went to trial and was convicted, and (4) failure to file a motion to withdraw the guilty plea as defendant directed. In the second affidavit, dated December 22, 2015, defendant again averred that counsel failed to file a motion to withdraw the plea as defendant directed. However, defendant also provided factual detail about his directing counsel to file the motion and counsel's expressed reluctance and ultimate failure to file the motion.

¶ 14    The trial court denied the motion, finding that it lacked jurisdiction. Defendant appealed. We granted appellate counsel's motion to withdraw, agreeing with counsel that, because the trial court lacked jurisdiction of defendant's motion for leave to file a late motion to withdraw his guilty plea, we also lacked jurisdiction. Accordingly, we dismissed the appeal. See *People v. Brown*, No. 2-16-0180 (2017) (unpublished summary order under Supreme Court Rule 23(c)).

¶ 15    On April 11, 2017, defendant filed a *pro se* postconviction petition alleging that he was denied the effective assistance of counsel in that trial counsel (1) refused to allow defendant to

participate in his own defense and declined to consider potentially exculpatory evidence that defendant offered, (2) pressured defendant into accepting a "ill[-]advised" plea agreement by "threaten[ing] defendant with receiving [*sic*] (100 years) on just one of two indictments if he went to trial," (3) failed to pursue, after filing, the motion to suppress statements, which alleged that Rockford detectives forced defendant to make an involuntary statement without an attorney being present, (4) failed to file a motion to suppress physical evidence, (5) encouraged defendant to send letters of apology to the victims, when those letters were later used against defendant, (6) failed to object when the State made an improper substantive amendment to the indictment, and (7) misinformed defendant before sentencing that he would not be sentenced to more than 40 years in prison, and later failed to file a motion to withdraw the guilty plea as defendant directed.

¶ 16    Defendant further claimed that (1) the trial court failed to conduct an adequate hearing under *People v. Krankel*, 102 Ill. 2d 181 (1984), to examine defendant's claim that trial counsel pressured him into pleading guilty; (2) the trial court, rather than remove trial counsel after defendant complained about his performance, "forced the defendant to enter into [an] ill[-]advised involuntary part[-]negotiated part blind plea"; (3) the police lacked probable cause to arrest defendant; (4) the trial court lacked subject matter jurisdiction; (5) the prosecutor had "close family ties and personal relationship" with a codefendant; (6) an illegal sentencing enhancement was applied to defendant; and (7) defendant's 57-year sentence was a *de facto* life sentence, which, because he was a young adult when he committed the offenses, violated the eighth amendment to the United States Constitution (U.S. Const. amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11).

¶ 17    Defendant attached to the petition copies of the March 2015 and December 2015 affidavits he had attached to his *pro se* motion for leave to file a late motion to withdraw the guilty plea.

¶ 18    The trial court advanced the petition to the second stage and appointed counsel. At a July 16, 2019, status hearing, postconviction counsel advised the trial court that he had prepared an amended petition and sent it to defendant for review. Counsel and defendant "were at a bit of disagreement as to all of the issues." Therefore, "in order to move [the] case along," counsel was "going to recharacterize the amended petition that [he] prepared and—as a supplemental [petition] and [would] be adopting [defendant's] original petition." After the court asked counsel to clarify how he intended to proceed, counsel said:

> "MR. CARTER [(POSTCONVICTION COUNSEL)]: Well, Judge, [defendant] filed his original amended *pro se* petition.
>
> THE COURT: Right.
>
> MR. CARTER: The issues in that [*pro se* petition] I can, I can legitimately argue although they weren't—might not have been necessarily ones that I would have used. I prepared an amended petition which I sent to him. He wanted—he is insistent on going forward with some of the issues that he brought up in his original petition. So what I'm going to do is I'm going to recharacterize mine as a supplemental petition if you will. I'm going to adopt his *pro se* petition which is already on file and then file mine as a supplemental along with the Rule 651(c) certificate.
>
> THE COURT: So this supplemental, does that include what he filed or not?
>
> MR. CARTER: Yes, some of it Judge. It also, it also addresses issues concerning his sentencing."

¶ 19    On February 18, 2020, postconviction counsel filed an amended petition and a certificate under Rule 651(c). In the certificate, counsel stated that he had (1) consulted with defendant by mail to ascertain his contentions of a constitutional violation, (2) examined the trial court file and

report of proceedings of the guilty plea, and (3) made any amendments to the *pro se* petition necessary for an adequate presentation of defendant's contentions.

¶ 20    Counsel's amended petition raised five claims.  Claim one was that trial counsel was ineffective for (1) spending inadequate time with defendant to review the evidence and prepare a defense, (2) failing to consider evidence that defendant had developed to support his defense, (3) pressuring and frightening defendant into pleading guilty, (4) insufficiently explaining the sentencing ranges—including the minimum sentence for each offense—to enable defendant to make an informed decision whether to plead guilty or go to trial, and (5) spending inadequate time with defendant to prepare him for the presentence investigation and the sentencing hearing.

¶ 21    Claim two was that trial counsel was ineffective for failing to file a motion to withdraw the guilty plea after defendant told him to do so.  Defendant alleged that, "[d]ue to the [d]efendant's age and development, the terms of the plea were unclear."  Specifically, "[d]efendant understood that he could be sentenced to no more than 60 years but did not know what the minimum amount of time he could serve would be or how much actual time would be served under a maximum of minimum sentence."  Those terms were "not made clear to the [d]efendant by [trial] counsel."  Defendant alleged that he told trial counsel that he wanted to withdraw his guilty plea.  However, rather than file a motion to withdraw the plea, trial counsel filed a motion to reconsider the sentence, which was not proper under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), because defendant's plea was negotiated.  Defendant eventually filed a *pro se* motion to withdraw the plea, but by then the trial court had lost jurisdiction.  Thus, trial counsel deprived defendant of his right to appeal.

¶ 22 Claim three was that the trial court failed to make a sufficient *Krankel* inquiry into defendant's assertions that his trial counsel was ineffective for failing to spend time with him to develop a defense and by pressuring him to plead guilty.

¶ 23 Claim four was that the trial court failed to comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) by not properly admonishing defendant that, because defendant's plea was negotiated, he could not challenge his plea or sentence on appeal without filing a motion to withdraw the plea.

¶ 24 Claim five challenged defendant's sentence. The claim's heading asserted that the sentence violated the eighth amendment and the proportionate penalties clause. The body of the claim cited section 5-4.5-105 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-105 (West 2018)), which specified mitigating factors for a trial court to apply in sentencing offenders who were under age 18 when they committed the offense. Defendant alleged that, because he was only one month over 18 when he committed the offenses, the trial court should have applied the section 5-4.5-105 factors at sentencing.

¶ 25 Counsel included several exhibits with the amended petition, including (1) the motion to suppress statements, (2) the motion to reconsider the sentence, and (3) defendant's *pro se* motion for leave to file a late motion to withdraw his guilty plea, together with the attached March 2015 and December 2015 affidavits from defendant. Counsel also submitted with a petition a new affidavit from defendant, dated February 18, 2020. In this affidavit, defendant reiterated many of the assertions from the March 2015 and December 2015 affidavits. Defendant further averred that trial counsel "showed little interest in [his] defense," "did not spend time with [him] to develop a defense," and "did not fully explain to [him] the sentencing terms of the plea." He elaborated:

"[The trial counsel] told me there would be a 'sentencing cap' of 60 years, but he never made it clear what the minimum sentence was. I did not understand how the sentences would run with some consecutive to each other and some be [*sic*] concurrent."

¶ 26 The State moved to dismiss. At the hearing on the motion to dismiss, postconviction counsel argued that the primary issue was the voluntariness of defendant's guilty plea. Counsel pointed to defendant's affidavits in which he averred that trial counsel pressured him into pleading guilty, failed to fully explain the possible sentences, and did not move to withdraw the guilty plea as defendant directed. Counsel noted that he had included defendant's *pro se* motion to withdraw the guilty plea because it "set forth the issues and allegations concerning his conversations with [trial] counsel concerning filing [a] motion [to withdraw the guilty plea]."

¶ 27 In granting the motion to dismiss the amended petition, the trial court found that the ineffectiveness claims stated conclusions, not facts, "as it relate[d] to the strategy, as [it] relate[d] to the motion to suppress statements, as it relate[d] to so-called other evidence." The court then determined that the ineffectiveness claims related to the guilty plea and sentencing had no merit, because the court had (1) thoroughly admonished defendant regarding both the plea and the potential sentences and (2) confirmed that defendant understood those admonishments and was pleading guilty voluntarily. The court also found that it had conducted a proper *Krankel* inquiry, complied with Rule 605(c), and sentenced defendant with due regard for his young age when he committed the crimes. Thus, the court concluded that trial counsel was not ineffective, and that defendant did not establish any other constitutional violations.

¶ 28                                  II. ANALYSIS

¶ 29 On appeal, defendant contends that postconviction counsel, despite filing a Rule 651(c) certificate, failed to provide reasonable assistance because (1) he did not allege a sufficient factual

basis to support the claims of ineffective assistance of trial counsel, (2) he did not properly allege a legal basis for a motion to withdraw the guilty plea, though he alleged that trial counsel was ineffective for failing to file such a motion, (3) he reframed defendant's *pro se* claim that his sentence violated the eighth amendment and the proportionate penalties clause into a nonconstitutional, excessive-sentencing claim.

¶ 30    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) "provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated in his original trial or sentencing hearing." *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). A postconviction proceeding allows inquiry only into constitutional issues that were not and could not have been adjudicated on direct appeal. *People v. Ortiz*, 235 Ill. 2d 319, 328 (2009).

¶ 31    The Act establishes a three-stage process for the adjudication of a postconviction petition. *People v. English*, 2013 IL 112890, ¶ 23. If a petition is not summarily dismissed at the first stage, it advances to the second stage, where an indigent defendant can obtain appointed counsel and the State can move to dismiss the petition. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2020). If the defendant makes a substantial showing of a constitutional violation, the petition advances to the third stage, where the trial court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2020).

¶ 32    If a trial court dismisses a petition at the second stage, we review *de novo* the dismissal. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). A reviewing court may affirm a second-stage dismissal on any basis supported by the record. *People v. Stoecker*, 384 Ill. App. 3d 289, 292 (2008); *People v. Davis*, 382 Ill. App. 3d 701, 706 (2008).

¶ 33    The right to counsel in a postconviction proceeding arises under the Act and not from constitutional protections. *People v. Owens*, 139 Ill. 2d 351, 364 (1990). Accordingly, a defendant

is guaranteed only the level of assistance that the Act provides (*Owens*, 139 Ill. 2d at 364), which is a reasonable level of assistance (*People v. Flores*, 153 Ill. 2d 264, 276 (1992)).

¶ 34 One aspect of reasonable assistance is compliance with Rule 651(c). *People v. Carter*, 223 Ill. App. 3d 957, 961 (1992). Rule 651(c) requires postconviction counsel to certify that he (1) consulted with the defendant to ascertain his contentions of constitutional violations, (2) examined the trial record, and (3) made any amendments to the *pro se* petition necessary to adequately present the defendant's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). "[T]he Act cannot perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form, and presents them to the court." *People v. Lesley*, 2018 IL 122100, ¶ 33.

¶ 35 There are two ways in which counsel's compliance with Rule 651(c) may be shown. *People v. Richmond*, 188 Ill. 2d 376, 380 (1999). Counsel may file a certificate that he complied, or the record as a whole may demonstrate his compliance. *Richmond*, 188 Ill. 2d at 380.

¶ 36 Where counsel files a certificate of compliance, there is a presumption that counsel provided reasonable assistance. *People v. Custer*, 2019 IL 123339, ¶ 32. If the presumption is triggered, the defendant has the burden of overcoming the presumption. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19.

¶ 37 The allegations in a postconviction petition must contain a sufficient factual basis for each of the claims. *People v. Dixon*, 2018 IL App (3d) 150630, ¶ 20. When courts assess at the second stage whether the allegations in a petition make a substantial showing of a constitutional violation, all well-pleaded facts in the petition and affidavits are taken as true, but nonfactual and nonspecific assertions that merely amount to conclusions are not sufficient to require a hearing. *Dixon*, 2018 IL App (3d) 150630, ¶ 20 (citing *People v. Rissley*, 206 Ill. 2d 403, 412 (2003)). If an amended

petition fails to allege specific facts to support its general claims, "there [is] virtually nothing for the [trial] court to take as true at the second stage." *Dixon*, 2018 IL App (3d) 150630, ¶ 20. Thus, such a petition is not in the legal form required by Rule 651(c). *Dixon*, 2018 IL App (3d) 150630, ¶ 20.

¶ 38    If counsel failed to comply with Rule 651(c), the defendant is not required to show that his claims had merit (*People v. Suarez*, 224 Ill. 2d 37, 47 (2007)) or that he otherwise suffered prejudice from the lack of compliance (*People v. Nitz*, 2011 IL App (2d) 100031, ¶ 18). Nor is counsel's lack of compliance subject to harmless-error analysis. *Suarez*, 224 Ill. 2d at 52. Thus, if counsel fails to comply with Rule 651(c), a remand for additional postconviction proceedings is required. *Suarez*, 224 Ill. 2d at 47; see also *People v. Urzua*, 2021 IL App (2d) 200231, ¶ 90, *leave to appeal granted*, No. 127789 (Jan. 26. 2022).

¶ 39    Here, postconviction counsel filed a certificate under Rule 651(c) stating that he consulted with defendant by mail, examined the trial court file and the report of the guilty-plea proceedings, and made any amendments to the petition necessary for an adequate presentation of defendant's claims.[1] Thus, we presume that counsel provided reasonable assistance. Defendant has the burden

---

[1]We note that defendant has not challenged the adequacy of the certificate itself. However, the certificate does not state that postconviction counsel examined the transcript of the sentencing proceeding. It is well-established that Rule 651(c) requires counsel to examine as much of the reports of proceedings as is necessary to adequately present and support the constitutional claims raised by the defendant. *People v. Turner*, 187 Ill. 2d 406, 411-12 (1999). That counsel examined the pertinent parts of the record can be shown by the certificate or the record itself. *People v. Carrizoza*, 2018 IL App (3d) 160051, ¶ 13. Where the record shows that counsel complied with

of overcoming that presumption of reasonable assistance. See *Profit*, 2012 IL App (1st) 101307, ¶ 19. He has failed to do so.

¶ 40    The first two claims in the amended petition alleged trial counsel's ineffectiveness. It is well established that sixth-amendment ineffectiveness claims are governed by the two-part test in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)), which our supreme court adopted in *People v. Albanese*, 104 Ill. 2d 504, 526 (1984). *People v. Bennett*, 2017 IL App (1st) 151619, ¶ 52. Under the *Strickland* test, a defendant must establish both that his counsel's performance was deficient and that, but for that deficient performance, the outcome of the proceeding would have been different. *Bennett*, 2017 IL App (1st) 151619, ¶ 52.

¶ 41    Contrary to defendant's contention, both of counsel's ineffectiveness claims alleged sufficient supporting facts.

¶ 42    Claim one of the amended petition alleged, among other things, that trial counsel was ineffective for failing to pursue, after filing, the motion to suppress defendant's statements. Included with the amended petition was the motion to suppress. The motion itself included relevant supporting facts sufficient to assess whether counsel was ineffective for not pursuing the motion. Thus, counsel provided reasonable assistance as to this claim.

---

Rule 651(c), the failure to file a proper certificate is harmless error. *Carrizoza*, 2018 IL App (3d) 160051, ¶ 13 (citing *People v. Williams*, 186 Ill. 2d 55, 59 n.1 (1999)).

Here, counsel alleged in the amended petition that the trial court considered certain evidence in aggravation and mitigation at sentencing. Counsel cited to pages of the sentencing transcript. Thus, because the record shows that counsel examined the sentencing transcript, the failure of the Rule 651(c) certificate to state as much was harmless.

¶ 43    Claim one also alleged that trial counsel was ineffective for (1) spending inadequate time with defendant to review the evidence and prepare a defense, (2) failing to consider evidence that defendant had developed to support his defense, (3) pressuring and frightening defendant into pleading guilty, (4) insufficiently explaining the sentencing ranges to enable defendant to make an informed decision whether to plead guilty or go to trial, and (5) spending inadequate time with defendant to prepare him for the presentence investigation and the sentencing hearing. Although the amended petition did not elucidate the facts supporting each of those claims, postconviction counsel adopted defendant's *pro se* petition, which contained additional facts supporting the ineffectiveness claims. Postconviction counsel thereby presented adequate factual bases for all ineffectiveness claims in claim one.[2]

¶ 44    Claim two of the amended petition alleged that trial counsel was ineffective for failing to file a motion to withdraw the guilty plea as defendant directed. Claim two alleged sufficient factual support. Postconviction counsel identified specific aspects of the plea agreement that trial counsel allegedly did not make clear to defendant. Moreover, the December 2015 affidavit attached to the petition supplied factual detail about defendant's directing trial counsel to file the motion to withdraw and counsel's expressed reluctance and ultimate failure to file the motion. Also, the *pro se* petition included factual allegations regarding the circumstances under which defendant asked trial counsel to file a motion to withdraw and counsel failed to do so.

---

[2]We note that the trial court stated that the ineffectiveness claims lacked factual support. Clearly, that was erroneous considering the adoption of the *pro se* petition. Nonetheless, we may affirm on any basis supported by the record. See *Davis*, 382 Ill. App. 3d at 706.

¶ 45    Lastly, defendant contends that postconviction counsel transformed his constitutional challenge to his 57-year prison sentence into a nonconstitutional, excessive-sentencing claim. See *People v. Ballinger*, 53 Ill. 2d 388, 390 (1973) (an excessive-sentencing claim is not cognizable in a postconviction proceeding).  Defendant is mistaken.  Defendant's *pro se* petition alleged that, because he was a young adult when he committed the offenses, both the eighth amendment to the United States Constitution and the proportionate penalties clause of the Illinois Constitution provided him special sentencing protections.  Defendant based his argument on *Miller v. Alabama*, 567 U.S. 460 (2012), and other cases.  Consistent with defendant's *pro se* sentencing claim, the heading for the amended petition's sentencing claim stated that defendant's sentence violated the eighth amendment and the proportionate penalties clause.  In the body of the claim, defendant did not cite constitutional provisions as such, but he alleged that the trial court should have considered the youth-related sentencing factors in section 5-4.5-105 of the Code.  Those factors were drawn from the constitutional analysis in *Miller*, 567 U.S. at 477-78.  See *People v. Buffer*, 2019 IL 122327, ¶ 36.  Rather than eradicate defendant's *pro se* constitutional claim, postconviction counsel enhanced it by urging consideration of the *Miller*-based factors in section 5-4.5-105.  Thus, postconviction counsel provided reasonable assistance regarding the sentencing claim.

¶ 46    In conclusion, defendant failed to meet his burden of overcoming the presumption arising from the filing of a Rule 651(c) certificate that postconviction counsel provided reasonable assistance in filing an amended postconviction petition.

¶ 47                                III. CONCLUSION

¶ 48    For the reasons stated, we affirm the judgment of the circuit court of Winnebago County.

¶ 49    Affirmed.